**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 26-4051**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

PERRY FRANK MOORE,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17-cr-00268-RMG-1)

———————————

Submitted:  July 23, 2026                     Decided:  July 28, 2026

———————————

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Robert Nicholas Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Perry Frank Moore appeals the district court's judgment revoking his term of supervised release and sentencing him to 15 months in prison and an additional 24 months of supervised release. On appeal, Moore's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Moore's sentence. Although notified of his right to do so, Moore has not filed a pro se supplemental brief. The Government has declined to file a response. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Where, as here, the sentence does not exceed the statutory maximum, we "first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the

2

circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

Here, the district court correctly calculated a policy statement range of 24 to 30 months. Moore argued for a time-served sentence, noting that the conduct underlying his supervision violation—trafficking methamphetamine—had already resulted in a seven-year state prison sentence. The court rejected this request, explaining that there was a substantial need for specific deterrence in light of Moore's significant criminal history, which included multiple drug trafficking convictions and a prior revocation of supervised release. Based on our review of the record, we conclude that Moore's revocation sentence is procedurally reasonable. In addition, we discern nothing in the record to rebut the presumption of substantive reasonableness accorded to Moore's below-policy-statement-range sentence. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's revocation judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*